```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
                                                          :
ALEXANDER WILLIAMS,                                       :
                                                          :
                           Petitioner,                    :   Case No. CV-06-3068 (BMC)
                                                          :
        -against-                                         :
                                                          :   **MEMORANDUM AND**
MARTIN F. HORN, Commissioner, New                         :   **ORDER OF DISMISSAL**
York City Department of Corrections;                      :
ELLIOT SPITZER, New York State Attorney                   :
General; CHARLES HYNES, District                          :
Attorney, Kings County,                                   :
                                                          :
                           Respondents.                   :
                                                          :
----------------------------------------------------------X
```

COGAN, District Judge.

Petitioner Alexander Williams, currently incarcerated at Rikers Island, brings this *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. By order dated July 20, 2006, the Court directed petitioner to notify the Court on whether he consented to the recharacterization of the petition as one pursuant to 28 U.S.C. § 2254 or whether he would withdraw the petition instead of having it recharacterized as a petition pursuant to § 2254. By letter dated July 24, 2006, petitioner has consented to the recharacterization of the petition as brought under § 2254. The petition, however, is dismissed for the reasons set forth below.

## BACKGROUND

On February 21, 2006, petitioner was arrested at his Parole Officer's office by detectives from the Special Victims Unit and he was arraigned in Brooklyn Criminal Court on February 22, 2006 before Judge Gyrunlnik. Petition at ¶ 8. Petitioner argues that the police and the district attorney failed to fully investigate the charges before

commencing the case against him. Petition at ¶¶ 26-36. Petitioner also argues that defendant Hynes has violated his rights to due process, speedy trial and equal protection. Petition at ¶¶ 37-46. Petitioner raises other issues incident to his arrest. See Petition, Exhibits A-C. The case against petitioner is currently pending.

## DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214, a federal court may grant a writ of habeas corpus to a state prisoner in custody pursuant to a judgment on a claim that was "adjudicated on the merits" in state court. Here, because the criminal proceedings are ongoing, there has been no judgment or adjudication on the merits of petitioner's claims and therefore, this § 2254 petition is premature. It is well-settled that the habeas corpus statute cannot be used to "permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 493 (1973); see also Younger v. Harris, 401 U.S. 37 (1971) (federal courts cannot intervene in ongoing criminal proceedings except in the most extraordinary circumstances and upon a clear showing of both great and immediate harm); Montaya v. Attorney General of N.Y., No. 86 CV 4276, 1987 WL 6405, at *1 (E.D.N.Y. Jan. 28, 1987) (petitioners awaiting trial could not seek habeas relief from state custody because no judgment had yet issued); York v. Ward, 538 F.Supp. 315, 316 (E.D.N.Y. 1982) (federal habeas corpus is not to be converted "into a pretrial motion forum for state prisoners."). Even if the petition were not premature, the Court cannot consider the instant application because petitioner has not exhausted his available state remedies. 28 U.S.C. § 2254(b); United States ex rel. Scranton v. New York, 532 F.2d

292, 296 (2d Cir. 1976) (pretrial detainee challenging denial of speedy trial not entitled to habeas relief where state remedies have not been exhausted); <u>Albanese v. Loughren</u>, No. 05 CV 0572, 2005 WL 1460405, at *1 (N.D.N.Y. Jun. 20, 2005) (same).

## CONCLUSION

Accordingly, the petition for a writ of habeas corpus is dismissed as premature and for failure to exhaust all available state court remedies. As this petition presents no "substantial showing of the denial of a constitutional right," a certificate of appealability shall not issue. 28 U.S.C. § 2253(c). The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* is denied for the purpose of an appeal. <u>Coppedge v. United States</u>, 369 U.S. 438 (1962). The Clerk of Court is directed to close this case

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
August 7, 2006