UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
ALEXANDER WILLIAMS,

                Petitioner,

       -against-

MARTIN F. HORN, Commissioner, New
York City Department of Corrections;
ELLIOT SPITZER, New York State Attorney
General; CHARLES HYNES, District
Attorney, Kings County,

                Respondents.

-------------------------------------------------------------- X

**MEMORANDUM AND ORDER**

Case No. CV-06-3068 (BMC)

COGAN, District Judge.

By [6] order dated August 7, 2006, the Court dismissed petitioner's application for habeas corpus relief pursuant to 28 U.S.C. § 2254 as premature and for failure to exhaust all available state remedies. On August 22, 2006, the Court received petitioner's [7] letter which the Court shall liberally construe as a motion for reconsideration of the August 7, 2006 Order of Dismissal. Petitioner's motion is denied.

## BACKGROUND

On February 21, 2006, petitioner was arrested at his Parole Officer's office and he was arraigned in Brooklyn Criminal Court on February 22, 2006. Petitioner has not yet been convicted. On June 19, 2006, petitioner filed this pro se application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. By [3] Order dated July 20, 2006, the Court directed petitioner to notify the Court whether he consented to the recharacterization of

his petition as one pursuant to 28 U.S.C. § 2254 or whether he would withdraw the petition instead of having it recharacterized. By [4] letter dated July 24, 2006, petitioner consented to the recharacterization of the petition as brought under § 2254. The Court, thereafter, dismissed the petition as premature and for failure to exhaust all available state court remedies.

## DISCUSSION

The Court dismissed the application because the criminal proceedings are ongoing, and therefore, there has been no judgment or adjudication on the merits of petitioner's claims. It is well-settled that the habeas corpus statute cannot be used to "permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494 (1973); see also Younger v. Harris, 401 U.S. 37 (1971) (federal courts cannot intervene in ongoing criminal proceedings except in the most extraordinary circumstances and upon a clear showing of both great and immediate harm). Here, petitioner alleges that he has made several attempts to exhaust his state remedies, but that the state court has refused to consider them and has forwarded such documents to the attorney assigned to represent him, Lisa Pitts, Esq. of the Legal Aid Society. Nothing in petitioner's letter requires the Court to alter its decision determining that the petition is premature.

## CONCLUSION

Accordingly, petitioner's request for reconsideration is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from this order would not be taken in good faith and therefore in forma pauperis is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438 (1962). **The Clerk of Court is directed to close this case.**

**SO ORDERED.**

Dated: Brooklyn, New York
September 11, 2006

U.S.D.J.